(No. 723—Claim denied.)

RECTOR EGELAND, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1925.*

CIVIL SERVICE—*when salary not allowed.* Where claimant under Civil Service employment of the State, under an indefinite leave of absence, enters the U. S. Military Service and is discharged therefrom, the State is not liable to him for any salary during the time of his absence.

SAME—*reinstatement is in discretion of commissioners.* The reinstatement of an employee in the service of the State is a matter left to the discretion of the Civil Service Commission.

PAUL W. HERBERT, for claimant.

OSCAR E. CARLSTROM, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE LEECH delivered the opinion of the court:

The complainant alleges that he was a duly certified rodman under civil service in June, A. D. 1916, and by another examination in January, 1917, he was certified as topographic draftsman and did for said work receive a monthly salary of $150.00. The claimant further alleges that in May, 1917, he entered United States military service under indefinite leave of absence. Claimant further states that he was to be reinstated when he was discharged from military service. Claimant further alleges that he was refused reinstatement upon his application made in July, 1919; that he persisted in his demand for reinstatement up until July, 1921, and that during that time he made claim for payment of salary for eighteen months at $150.00 per month.

The defendant, by the Attorney General, comes and files its demurrer, whereupon it is considered that as a matter of law the demurrer should be sustained.

This is a case similar to another filed for the consideration of this court, which claim was denied, and this case inspires in addition to the facts in the other case, patriotic consideration, because of the fact that the claimant took a leave of absence for the purpose of entering military service in behalf of our country, and although the members of this court would personally feel disposed to make an exception in this case for patriotic reasons, yet no exceptions can be made by any court which realizes that they are controlled by the law of the nation or state and cannot therefore depart from the law or the practice because the law of the country and of the state is greater than any court functioning under any system of our laws.

It is the opinion of the court, as stated in the other case, that the question of reinstatement under the powers granted to the Civil Service Commission or any other branch of our State government to discharge employees or to refuse to reinstate other employees on account of the lack of work for such employees or other reasons indicated by laws and usages, is with the discretion of such commission or branch of the State government having control of such employment, and in this case one of the reasons urged by the defendant was the lack of a place giving work for the claimant, and from all the records and evidence before the court, the court cannot find there has been a breach of discretion that violates the laws of our State or the rules of employment under civil service.

Therefore the claim is denied and the case dismissed.